Tpi.s COURT delivered: ip,the following statement of ⅛⅜ cpse, apd opinion :
¶¾⅛ WA? aptiou of debt upon a single hill for thirty pounds.;the declaration sets forth the date, amount, and, other usual descriptions of the obligation $ t°. which the defendant pleaded, payment, and also a'set-off or. dis-. Count 5 where upon issues, to, tilt'. country were joined , a jury was sworn accordingly tatty the issues, and found; plaintiff ‘-‘ sixteen poupds nine shillings and sqv.eit *183 pence damage»” Judgment was thereupon entered for the plaintiff for “ the damages aforesaid, in form aforesaid assessed,” &e. At the trial the defendant tendered a bill of exceptions to the Opinion of the court in refusing . ,. »r . , , ,. to permit his counsel to open and conclude the cause.
.™*. co“rt will not inquire ¡nt0 que(i:iona relative to the ™;ion3 a ec%*°~ below, uniefs ihe^queftions were made ⅛
,hen ⅛ would not affeít the P"1*^*1 j"ds-
jt error to refuft to per-heCg„ t0 open & con. dude a caufe ¡⅛8 taken on pleas of ^“*nt & fet*
Sce Mirim ’
The first and second assignment of errors, object to the verdict and judgment, because they sound in damages, in an action and declaration in debt. By an act of December 1799, ch» 28, $ 7, p. 58, (2 Vol. Brad. Ed. L. K. p. 13) the legislature have declared, “ That no jud'gment, after the verdict of twelve men, shall be stayed or reversed, where it shall appear to the court that the meAs of the cause have been fairly and fully decided by such verdict; and that such verdict, and the judgment thereon, might be effectually pleaded in bar to another suit for the same cause. But nothing herein contained shall extend to cure or afffcct any errors in the judgment of the court before whom such cause may be tried, in questions of law which may have arisen or been brought before them by the pleadings therein, or otherwise, if the same appear upon the record by bill of exceptions or demurrer to evidence.”
Whether the verdict and judgment in this suit, are punctiliously responsive to the issues joined, or the cies of action, might be a question worth considering by those who are searching after mere form ; but is immaterial, and vanishes before the section before recited. The verdict has fairly and fully decided thfc questions submitted to the jury. No questions of law respecting evidence submitted to, or withheld front the jury, are reserved by bill of exceptions, demurrer to evidence, or otherwise. The conduct of the jury in consulting upon their verdict, is not questioned ; nor are there any other questions of law regarding the merits of the cause, brought into view by the pleadings: and it manifestly appears from the description of the obligation of which profert is made in the declaration, and from the issues joined, that the judgment might be effectually pleaded in bar to another suit, for the same cause.
The sheriffs fail'Ure to' take or return an appearance bail bond, as noticed in the fourth assignment of error, is hot considered as material or inquirable into after is- - "oined.
he fifth assignment supposes “ the court erred in *184 not adjudging costs to the defendant, upon the plaintiff’s withdrawal of his demurrer to the plea of set-pff. It does not appear by the record, that the defendant objected to the withdrawal, or even asked the costs occasioned thereby; or that the court have in any manner adjudicated upon the subject of Such costs. Had that question been presented to the court and decided, such decision would have been subject to revision by the appellate court; and even then, would have been an insulated point, not connected with* or affecting the judgment in chief.
Rowan, for the plaintiff.
Upon these points, the court is unanimous;
Upon the the third assignment of error, viz. permitting the plaintiff’s counsel to open and conclude the. cause, upon the issues joined, as stated in the bill of exceptions, a majority of the court are of opinion (the fourth judge dissenting) that a right was withheld frorii the defendant, which might have produced a change in the verdict of the jury, partially, or in the whole. And therefore the judgment of the inferior court must be set aside. — —Judgment reversed.